## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-cv-20301-ALTMAN

**MARIO PETITFRERE**,

     *Petitioner,*

*v.*

**PAUL SWARTZ, FIELD OFFICE
DIRECTOR**, *et al.*,

     *Respondents.*

_____/

### <u>ORDER</u>

On January 21, 2025, we found that the Petitioner, Mario Petitfrere—who'd filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241—hadn't "paid the Clerk's filing fee of $5.00 or submitted a motion to proceed *in forma pauperis*[.]" Order [ECF No. 3] at 1. We explained that "we [could not] adjudicate Petitfrere's Petition until" he resolved the filing-fee issue. *Ibid.* (cleaned up). So, we ordered Petitfrere to *either* pay the filing fee *or* file a motion to proceed *in forma pauperis* by February 20, 2025. *See ibid.* His failure to do so on time, we warned, "may result in dismissal of this case without further notice." *Ibid.*

That February 20, 2025, deadline has come and gone, and Petitfrere failed to resolve the filing-fee issue. *See generally* Docket. Petitfrere has thus ignored this Court's orders and failed to prosecute his own case. As a result, the only appropriate sanction now is dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))).

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **DISMISSED without prejudice** for failure to prosecute and for failure to comply with court orders. *See* FED. R. CIV. P. 41(b). The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 10, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Mario Petitfrere, *pro se*